IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In the Matter of: | * | |
| ROSE M. CALDERONE | * | Case No. 13-27856  JFS |
|    Debtor (s) | * | Chapter 13 |
| BSI FINANCIAL SERVICES | * | |
|    Movant | | |
| | * | |
| ROSE M. CALDERONE | | |
|    Respondent | * | |

\* \* \* \* \*     \* \* \* \* \*

## AMENDED RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Rose M. Calderone, Debtor, by and through Thomas G. Gill, her attorney, responds to BSI Financial Services ("BSI") Motion for Relief from Automatic Stay ("Motion") and for reasons represents the following:

1. That Debtor admits the averments in paragraphs one through four of the Motion.

2. That Debtor is without knowledge or information sufficient to form a belief at to the truth of the averments in paragraphs five, six, seven, twelve and fourteen of the Motion.

3. That Debtor denies the averments in paragraph's eight through eleven and fifteen of the Motion.

4. That paragraph 13 is a statement and does not require a response.

5. That BSI has not suffered irreparable injury due to the automatic stay.

6. **That pursuant to Claim No. 1 filed November 14, 2013 by the Movant, Debtor's post petition mortgage payment effective Oct 1, 2013 is $1,127.72.**

7. That Movant has not filed any subsequent notices pursuant to Bankruptcy Rule

**3002.1(b).  However, Movant claims in Paragraph eight (8) of the Motion that Debtor is delinquent for one payment of $1,127.72 and three payments of $1,964.24.**

    8.  **That Bankruptcy Rule 3002.1 (i) states:**

**Failure to Notify, If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either of the following actions: (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or (2) award other appropriate relief including reasonable expenses and attorney's fees caused by the failure.**

    9.  **That Debtor asserts that Movant's failure to notify pursuant to Bankruptcy Rule 3002.1(b) was neither substantially justified or harmless.**

    10. **That Debtor requests pursuant to Local Bankruptcy Rule 4001-2 that Movant file and serve debtor and debtor's attorney a history of payments received post-petition at least (7) seven days before the hearing set on this matter.**

    **WHEREFORE**, Debtors, request that this Court deny BSI's Motion for Relief from Automatic Stay, preclude Movant from presenting information omitted from failure to comply with Bankrupty Rule 3002.1(b) as evidence or award reasonable expenses and attorney's fees and/or grant such other and further relief as the Court deems requisite in the interest of justice.

/s/  Thomas G. Gill  
Thomas G. Gill, #25615  
57 W. Timonium Road, Suite 300  
Timonium, Maryland 21093  
(410)-308-0111  
(410)-308-0112 Fax  
tomgill@tgglaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, That on this 9th day of November 2015, the foregoing was served electronically to those recipients authorized to receive a Notice of Electronic filing by the Court and/or Notice was mailed, first class, postage prepaid, to:

Ellen W. Cosby, Trustee  
300 E. Joppa Road, #409  
Towson, Maryland 21286

James C. Olson, Esquire  
10451 Mill Run Circle, Suite 400  
Owings Mills, MD 21117

Prober & Raphael, A Law Corporation  
P.O. Box 4365  
Woodland Hills, CA 91365-4365

Rose M. Calderone  
2913 Indiansummer Court  
Abingdon, MD 21009

                                                /s/  Thomas G. Gill  
                                                Thomas G. Gill, #25615